UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

)
LADY B. SMITH,                                )
                                              )
            Plaintiff,                        )
                                              )
v.                                            )            Civil Action No. 16-10369-LTS
                                              )
DAVID COHEN, ADMINISTRATOR    )
CARE ONE RANDOLPH AND BETH   )
ISRAEL,                                       )
                                              )
            Defendants.                       )
_____)

ORDER ON PENDING MOTIONS

May 9, 2016

SOROKIN, J.

      Plaintiff Lady Bird Smith ("Smith") appointed Roy Owens ("Owens") her attorney-in-fact "in the event of [her] incapacity" to act for her regarding health care decisions.  Doc. No. 1-1 at 17.  Pursuant to that authority, Owens filed this lawsuit, including a complaint and an amended complaint, against David Cohen, Administrator of Care One, and Beth Israel Deaconess Medical Center.  Owens, however, lacked authority to file the lawsuit because an attorney-in-fact may not practice law on behalf of a principal.  Donoghue v. Horner, 25 Mass. L. Rptr. 307, at *1 (Mass. Sup. 2009) (citing Graustein v. Barry, 315 Mass. 518, 521 (1944)).  See LAS Collection Mgmt. v. Pagan, 447 Mass. 847, 850-51 (2006).  The Massachusetts statute that permitted a person to prosecute a suit if authorized by the party for whom he acted, M.G.L. c. 221, § 49, was repealed in 1935.  Donoghue, 25 Mass. L. Rptr, at *1 (citing St. 1935, c. 346, § 3).

1

The Court provided ample opportunity for Smith or Owens to obtain an attorney. Doc. Nos. 14, 23. Smith responded by filing a motion to withdraw her case without prejudice, Doc. No. 27, which the Court construes as a motion pursuant to Fed. R. Civ. P. 41(a)(1). The motion was signed by both Smith and Owens, the latter designated as "Paralegal and Power of Attorney" for Smith. This motion is problematic for two reasons. First, Owens may not file the withdrawal motion because he may not practice law on Smith's behalf. Second, the Court is reluctant to rely on Smith's signature because of questions raised in this case regarding Smith's competence to act on her own behalf.

The Court finds that, because Owens cannot act on Smith's behalf, he may not file any pleadings, including the complaint, amended complaint and motion to withdraw the lawsuit. Even if Owens had properly filed, the amended complaint fails to meet the requirement set forth in Fed. R. Civ. P. 8 of "a short and plaint statement of the claim showing that the pleader is entitled to relief." The amended complaint references a gamut of claims, from RICO, to the Hobbs Act, mail fraud, Chapter 93A and the Fourteenth Amendment. Doc. No. 9. Despite its length, reading the amended complaint sheds little light on the specific claims asserted and the legal basis for each. Moreover, even if effective, the power of attorney executed by Smith does not encompass instituting litigation on her behalf. The power of attorney permits Owen to act for Smith only if she is incapacitated and only "regarding any and all health care decisions . . ., including the type of treatment, location of treatment, and . . . the right to refuse or decline life prolonging treatment and to direct any care [to] be solely to alleviate pain." Doc. No. 1-1 at 17, 19, 21. This lawsuit goes well beyond this health care proxy.

The complaint and amended complaint, Doc. Nos. 1-1, 9, are DISMISSED without prejudice.  The motion to withdraw, Doc. No. 27, is DENIED as moot.  The motions to dismiss, Doc. Nos. 19, 29, are also DENIED as moot.[1]

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1] Given the Court's resolution, it need not decide whether Smith's probate court case is an improper effort to circumvent this Court's jurisdiction pursuant to the removal petition.